No. 103,168

STATE OF KANSAS, *Appellee*, v. RANDY CHAVEZ, *Appellant*.
(254 P.3d 539)

Opinion
filed July 15, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Randy Chavez appeals from the sentence imposed following his guilty plea to one off-grid count of aggravated indecent liberties with a child, under Jessica's Law, and one on-grid count of aggravated indecent liberties with a child.

The crimes for which Chavez was sentenced took place between February 2005 and April 2008. His counsel moved for a departure sentence to a guidelines sentence. The district court denied the motion and sentenced him to a 25-year term with lifetime parole and lifetime electronic monitoring for the off-grid conviction and a concurrent aggravated term of 100 months for the on-grid conviction. He took a timely appeal to this court under K.S.A. 22-3601(b)(1).

Chavez initially contends that the district court erred in sentencing him to a 25-year term under K.S.A. 21-4643(a)(1) instead

of a 20-year term under K.S.A. 22-3717(b)(2). Whether the sentence was illegal is a matter of statutory interpretation, which is a question of law subject to unlimited appellate review. *State v. Ballard,* 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

As a preliminary matter, the State contends that this court does not have jurisdiction to address this issue because Chavez did not object to the sentence at the time that it was pronounced. Although he did not make a contemporaneous objection, that failure does not preclude appellate resolution of this question.

Life sentences for off-grid crimes are not "presumptive sentences" within the meaning of the sentencing guidelines and therefore are not subject to the jurisdictional bar of K.S.A. 21-4721(c)(1). See *State v. Ortega-Cadelan,* 287 Kan. 157, 163-64, 194 P.3d 1195 (2008). Although Chavez did not challenge the legality of his sentence before the district court, K.S.A. 22-3504(1) permits this court to correct an illegal sentence at any time. See, *e.g., State v. Reyna,* 290 Kan. 666, 695, 234 P.3d 761 (2010). Because this issue invokes a strictly legal question regarding the jurisdiction of the district court to impose the sentence that it pronounced from the bench, the issue lies within the scope of appellate review, the appellant's failure to object at sentencing notwithstanding.

K.S.A. 22-3717(b)(2) reads:

"Except as provided by subsection (b)(1) or (b)(4), K.S.A. 1993 Supp. 21-4628 prior to its repeal and K.S.A. 21-4635 through 21-4638, and amendments thereto, an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1993, but prior to July 1, 1999, shall be eligible for parole after serving 15 years of confinement, without deduction of any good time credits and *an inmate sentenced to imprisonment for an off-grid offense committed on or after July 1, 1999, shall be eligible for parole after serving 20 years of confinement* without deduction of any good time credits." (Emphasis added.)

Subsections (b)(1) and (b)(4) of K.S.A. 22-3717 govern certain murder convictions. Because he was not convicted of murder, Chavez concludes that he must be eligible for parole after serving 20 years of confinement.

Two other statutory provisions, however, when read together, imply incarceration for a minimum of 25 years.

K.S.A. 21-4643(a)(1) reads:

"Except as provided in subsection (b) or (d), a defendant who is 18 years of age or older and is convicted of the following crimes committed on or after July 1, 2006, shall be sentenced to a term of imprisonment for life *with a mandatory minimum term of imprisonment of not less than 25 years* unless the court determines that the defendant should be sentenced as determined in paragraph (2):

. . . .

"(C) *aggravated indecent liberties with a child,* as defined in subsection (a)(3) of K.S.A. 21-3504, and amendments thereto." (Emphasis added.)

Chavez does not fit the exceptions of subsections (b) or (d), which refer to mandatory 40-year sentences and departures based on factors that the district court rejected in this case.

K.S.A. 22-3717(b)(5) reads:

"An inmate sentenced to imprisonment pursuant to K.S.A. 21-4643, and amendments thereto, committed on or after July 1, 2006, *shall be eligible for parole after serving the mandatory term of imprisonment* without deduction of any good time credits." (Emphasis added.)

Reading K.S.A. 21-4643(a)(1) together with K.S.A. 22-3717(b)(5) leads to the conclusion that Chavez is subject to a minimum sentence of 25 years before he becomes eligible for parole.

When the provisions of two statutes are in conflict, the more specific statute governs. See, *e.g., Robinson v. City of Wichita Retirement Bd. of Trustees,* 291 Kan. 266, 282, 241 P.3d 15 (2010). K.S.A. 21-4643(a)(1) is the more specific statute because it makes explicit reference to aggravated indecent liberties with a child. Furthermore, a finding that K.S.A. 22-3717(b)(2) controls would turn K.S.A. 21-4643(a)(1)(C), which explicitly and specifically requires a 25-year minimum term for the very crime at issue here, into meaningless excess words in the criminal statute. The courts presume that the legislature does not intend to enact meaningless or useless legislation. *Kansas Dept. of Revenue v. Powell,* 290 Kan. 564, 570-71, 232 P.3d 856 (2010); *State v. Hendrix,* 289 Kan. 859, 863, 218 P.3d 40 (2009).

Chavez urges this court to invoke doctrines such as lenity to resolve the inconsistencies in the sentencing and parole statutes, as we recently did in *State v. Horn,* 288 Kan. 690, 206 P.3d 526 (2009). It is unnecessary, however, to turn to such interpretive rules in the present case.

In *Horn*, we addressed a situation in which the legislature, in the same legislative session, prescribed different sentences to be imposed for a single offense. We noted:

"[T]he legislature sent a mixed message during the 2006 session in which it adopted Jessica's Law. That year, it also created the new crimes of terrorism (K.S.A. 21-3449) and illegal use of weapons of mass destruction (K.S.A. 21-3450). Both those statutes included attempts as a means of committing the crimes and clarified that the crimes were off-grid felonies. The legislature then took the further step of amending K.S.A. 21-3301(c), which ranks an attempt to commit an off-grid felony as a nondrug severity level 1, to specify that '[t]he provisions of this subsection shall not apply to a violation of attempting to commit the crime of terrorism pursuant to K.S.A. 21-3449, . . . or of illegal use of weapons of mass destruction pursuant to K.S.A. 21-3450.' Inexplicably, the legislature did not also include Jessica's Law as an exception to K.S.A. 21-3301(c). In other words, the legislature demonstrated an ability to clarify when it did not want the sentencing provision of K.S.A. 21-3301(c) to apply to an attempt to commit an off-grid felony, but chose not to do so with Jessica's Law." *Horn*, 288 Kan. at 692-93.

In *Horn*, we were presented with the provisions of two separate statutes, K.S.A. 21-3301(c) and K.S.A. 21-4643(a)(1)(G), each of which plainly applied to the sentencing of attempted aggravated criminal sodomy. Our task was to determine which statute controlled Horn's sentence. We applied the rule of lenity to resolve the conflict in favor of the accused. 288 Kan. 690, Syl. ¶ 3. We explicitly elected not to apply the rule of construction that a specific statute controls over a general statute. 288 Kan. at 692.

In the present case, however, the statutory construction task is different from that presented in *Horn*, in that we are called upon to reconcile two provisions within the same subsection of the same statute, *i.e.*, subsection (b) of K.S.A. 22-3717. That circumstance triggers a responsibility that this court consider the various provisions of the act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony, if possible. See *State v. Raschke*, 289 Kan. 911, 914, 219 P.3d 481 (2009).

The conflict exists because Chavez' conviction for the off-grid count of aggravated indecent liberties with a child subjects him to the parole eligibility provision of subsection (b)(2) because he was "sentenced to imprisonment for an off-grid offense committed on or after July 1, 1999," and at the same time subjects him to the

parole eligibility provision of subsection (b)(5) because he was "sentenced to imprisonment pursuant to K.S.A. 21-4643, and amendments thereto, committed on or after July 1, 2006." K.S.A. 22-3717(b)(2), (b)(5). In other words, the parole eligibility rules of subsections (b)(2) and (b)(5) overlap.

K.S.A. 22-3717(b)(2) was amended to its current form in 1999. L. 1999, ch. 164, sec. 20. K.S.A. 21-4643(a)(1) and K.S.A. 22-3717(b)(5) were enacted in 2006. L. 2006, ch. 212, secs. 2, 19. Subsection (b)(5) was added to K.S.A. 22-3717 by H.B. 2576, which explicitly referred back to the new provision in section 2 of the bill that established the 25-year mandatory minimum term of imprisonment which would become part of K.S.A. 21-4643, Jessica's Law. L. 2006, ch. 212, sec. 19. Obviously, the addition of subsection (b)(5) was intended to make parole eligibility under K.S.A. 22-3717 comport with the newly created mandatory minimum terms of imprisonment under Jessica's Law, to which the added subsection referred. The bill did not, however, change subsection (b)(2). In order to make its intention crystal clear, the legislature could have added to subsection (b)(2) an exception for the new provision in subsection (b)(5), to go along with the existing exceptions for subsections (b)(1) and (b)(4). The failure to do so created the overlap.

Nevertheless, the general rule of strict construction of criminal statutes is constrained by the rule that the interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Trautloff*, 289 Kan. 793, 797, 217 P.3d 15 (2009). Moreover, the rule of lenity is subject to the existence of "any reasonable doubt" as to the statute's meaning. *Horn*, 288 Kan. 690, Syl. ¶ 3. Given the specific language of subsection (b)(5) as compared to the more general language of subsection (b)(2), together with the concurrent adoption of the mandatory minimum sentences in K.S.A. 21-4643 and the parole eligibility provision in K.S.A. 22-3717(b)(5), there can be no reasonable doubt that the legislature intended for a person convicted of aggravated indecent liberties with a child to be parole eligible only after serving the mandatory minimum sentence specified in K.S.A. 21-4643.

The specific statute controls and makes it clear that defendants who are subject to Jessica's Law face a mandatory minimum term of not less than 25 years' imprisonment before becoming eligible for parole.

Chavez next argues that the district court erred in denying his motion to depart to an on-grid sentence. This court applies an abuse of discretion standard when reviewing a district court's determination of whether mitigating circumstances under K.S.A. 21-4643(d) are substantial and compelling reasons to depart to an on-grid sentence. *State v. Spencer*, 291 Kan. 796, Syl. ¶ 1, 248 P.3d 256 (2011). Judicial action that is arbitrary, fanciful, or unreasonable constitutes an abuse of discretion. An appellate court will not disturb a discretionary decision unless no reasonable person would have taken the view adopted by the district court. *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

In his motion, Chavez cited his relatively minor criminal history, his compliance with bond conditions, the support of his social community, a psychological evaluation indicating that he was at low risk for sexual recidivism and would be a suitable candidate for community supervision, and his expressed acceptance of responsibility for his actions. He requested a departure to a term of imprisonment of 89-100 months and a dispositional departure to a 60-month term of probation.

During sentencing, the district court made the following statement:

"Having regard for the nature and circumstances of the crime, the history, character and condition of the defendant, the lowest minimum term which, in the opinion of the Court, is consistent with the public safety, the needs of the defendant and the seriousness of the defendant's crime, the Court makes the following orders: It is the judgment, order and sentence of the Court that the following sentences be imposed: I find the primary crime that controls the base sentence to be Count Four. It is an off grid felony, placing the defendant within a sentencing range of 25 years to life in prison.

. . . .

"The Court has considered the defendant's motion for durational-dispositional departure [and] has reviewed the statements presented to the Court on behalf of the defendant and the South Central Mental Health Counseling report dated July 14, 2009. I have listened to the defendant.

"When I was reading this report, again, I would agree with the State, that the diagnosis here is of pedophilia and that these actions occurred over a three year period, between 2005 and 2008. According to the interview with the defendant, she was eight years old when this began and 11 years old when it ended. And the fact of the matter is, she tried on numerous occasions to get this activity to stop. She brought it to the attention of her mother. She brought it to the attention of her church officials, and nothing was done, until such time as she brought this matter to the attention of her school. The school contacted the proper authorities. The defendant had multiple opportunities to stop this horrendous activity and did not until he was arrested.

"Basically, sir, you destroyed your family. Apparently there is nobody here to speak on behalf of the minor child, which is very sad. I find absolutely no substantial and compelling reasons to depart either durationally or dispositionally. The motion will be denied and the defendant will be required to serve the sentence as imposed by the Court."

When considering departures from an off-grid sentence, the district court does not simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances. *Ballard*, 289 Kan. at 1009. The district court expressly considered the mitigating factors that Chavez presented. The grounds given by the district court for denying the motionthe duration of the criminal activity, the vulnerability of the victim, and the harm the crimes causedwere reasonable. We cannot conclude that no reasonable person would have taken the action that the district court adopted.

Chavez further argues that the district court lacked jurisdiction to impose lifetime electronic monitoring as a condition of parole. This issue is governed by *State v. Jolly*, 291 Kan. 842, 249 P.3d 421 (2011), where we held that the statutory sentencing scheme does not provide sentencing courts with the authority to impose parole conditions, including electronic monitoring. We therefore vacate the portion of the sentence relating to electronic monitoring.

Chavez finally raises two issues that this court has previously decided adversely to his position. He contends the district court violated his right to have a jury decide the factors contributing to an aggravated grid box sentence under *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856, 166 L. Ed. 2d 856 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). This court has rejected this argument, and Chavez

offers no grounds persuading us to change our position. See *State v. LaBelle*, 290 Kan. 529, 539, 231 P.3d 1065 (2010); *State v. Houston*, 289 Kan. 252, 278, 213 P.3d 728 (2009); *State v. Johnson*, 286 Kan. 824, 851-52, 190 P.3d 207 (2008) (because aggravated sentence remains within maximum statutory sentence, imposition does not violate constitutional right to trial by jury, and appellate courts lack jurisdiction to review presumptive sentence).

He also contends that his constitutional rights were violated because he was sentenced based on a criminal history that was not proved to a jury. This court has repeatedly rejected arguments of this nature. See, *e.g.*, *State v. Bonner*, 290 Kan. 290, 305, 227 P.3d 1 (2010); *State v. Raschke*, 289 Kan. 911, 912, 219 P.3d 481 (2009); *State v. Gonzalez*, 282 Kan. 73, 115-18, 145 P.3d 18 (2006); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002). Chavez presents no new arguments suggesting that this court should revisit those decisions, and we decline to do so at this time.

The sentence of 25 years' imprisonment without parole eligibility is affirmed. The parole condition of lifetime electronic monitoring is vacated.