No. 103,822

STATE OF KANSAS, *Appellee*, v. JOSEPH ALLEN PACE, *Appellant*.

(258 P.3d 381)

Opinion filed
August 19, 2011.

*Shawn E. Minihan*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Clay Britton*, assistant solicitor general, was on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Joseph Allen Pace was charged with aggravated criminal sodomy, battery against a law enforcement officer, two counts of obstructing official duty, attempted residential burglary, and assault of a law enforcement officer. Pursuant to a plea agreement, Pace pleaded guilty to one count of aggravated criminal sodomy and all other counts were dismissed. Pace filed a motion for a downward durational sentencing departure. Pace's testimony was the only evidence offered at the sentencing hearing. The district court denied Pace's motion for downward durational departure and imposed a life sentence with a mandatory minimum term of imprisonment of 25 years. The court also ordered lifetime electronic monitoring when Pace was paroled.

*Parole Eligibility*

Pace argues that both K.S.A. 2008 Supp. 22-3717(b)(2), establishing parole eligibility after 20 years, and K.S.A. 21-4643(a), establishing parole eligibility after 25 years, are applicable to his sen-

tence; therefore, Pace argues that the rule of lenity requires that any reasonable doubt about the meaning of the statutes be resolved in his favor. We have recently decided this issue in *State v. Chavez*, 292 Kan. 464, 254 P.3d 539 (2011). K.S.A. 21-4643(a) is the more specific statute; therefore, K.S.A. 21-4643(a) controls Pace's sentence. See *State v. Mendoza*, 292 Kan. 937, 258 P.3d 383 (2011); *Chavez*, 292 Kan. 464, Syl. ¶ 1.

## *Lifetime Electronic Monitoring*

Pace challenges the district court's imposition of lifetime electronic monitoring as a condition of parole. Imposition of parole conditions, including lifetime electronic monitoring, is the province of the parole board and lies outside the jurisdiction of the sentencing court. *Mendoza*, 292 Kan. at 935; *Chavez*, 292 Kan. at 470; *State v. Jolly*, 291 Kan. 842, 848, 249 P.3d 421 (2011). We vacate the portion of the sentence relating to electronic monitoring.

## *Downward Departure*

Pace argues that the district court erred in denying his motion for a downward durational departure, providing the following mitigating factors: (1) Pace's age, (2) the legislative inflation of his criminal history, (3) his poor upbringing, and (4) his mental limitations. The State responds that the district court heard testimony from Pace, arguments from both sides, and made a specific ruling as to why the factors Pace offered were not substantial and compelling reasons for a departure. Our standard of review on the denial of a sentencing departure is abuse of discretion.

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

At sentencing, the district court reviewed the mitigating factors presented by Pace. The court found that Pace's age of 22 at the time of the crime did not make this a case of youthful indiscretion.

The court was not persuaded by Pace's arguments regarding the legislative inflation of his criminal history score because this was sentenced as a Jessica's Law case and criminal history score does not determine the sentence. The court considered Pace's background, saying:

"It's a sad story. Perhaps it's a story where the system of social services has failed Mr. Pace. I frankly wish we could roll the clock back and provide some intervention and hope that that intervention might have led us to a different result than we have here today.

"But the fact is I have to deal with the situation as it presents itself, not as it may have been or perhaps should have been. The bottom line is that Mr. Pace has committed a very serious sexual offense for which the Legislature has specifically provided a penalty. When I look at the mitigating factors, none of them apply. This is not a case where the victim was an aggressor, or even a participant. This is not a case where Mr. Pace played a minor, or passive roll.

"We've spoken of alcohol. This is not a case where Mr. Pace suffered a continuing pattern of physical or sexual abuse that somehow made him responsible for what he did. And I can't say that this is a case where the degree of harm or loss attributed to this crime is less than typical. I don't have the benefit of the victim, or there's no evidence presented by the defendant.

"So the bottom line is I cannot and do not find substantial and compelling reasons to depart from the legislatively provided for punishment, and the defendant's motion for a durational departure is denied."

The district court orally reviewed the mitigating and aggravating factors advanced by Pace and the State, engaging in an appropriate weighing of the competing considerations. The court considered each of the factors presented and concluded that there were no substantial and compelling reasons to grant Pace's motion for a downward durational sentencing departure. The court's denial of the downward departure motion was reasonable.

Pace's life sentence with a mandatory minimum term of imprisonment of 25 years is affirmed. The parole condition of lifetime electronic monitoring is vacated.