No. 102,502

STATE OF KANSAS, *Appellee*, v. LUIS MENDOZA, *Appellant*.

(258 P.3d 383)

Opinion filed August 19, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Don L. Scott*, county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Luis Mendoza appeals from the sentence imposed following his plea of no contest to one count of rape with a victim who was 11 years old, in violation of K.S.A. 21-3502(a)(2). As part of the plea agreement, the State dismissed all other charges and agreed to recommend a downward departure to the sentencing grid. Mendoza filed a motion for a downward sentencing departure based on his lack of criminal history. The district court denied the departure motion and sentenced Mendoza to life in prison without parole for 25 years. The court also imposed lifetime postrelease supervision and lifetime electronic monitoring because Mendoza was convicted of a "child sex offense." ·

*Parole Eligibility*

Mendoza initially contends that the district court erred in sentencing him to a 25-year term under K.S.A. 21-4643(a)(1) instead of a 20-year term under K.S.A. 2008 Supp. 22-3717(b)(2).

Whether the sentence was illegal is a matter of statutory interpretation, which is a question of law subject to unlimited appellate review. *State v. Ballard,* 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

Mendoza argues that both K.S.A. 2008 Supp. 22-3717(b)(2), establishing parole eligibility after 20 years, and K.S.A. 21-4643(a), establishing parole eligibility after 25 years, are applicable to his sentence; therefore, he asserts that the rule of lenity requires that any reasonable doubt about the meaning of the statutes be resolved in his favor. The State maintains that K.S.A. 21-4643(a)(1)(B) exactly describes Mendoza's situation and should, therefore, apply.

This court considered this question in *State v. Chavez,* 292 Kan. 464, 254 P.3d 539 (2011). Chavez, like Mendoza, argued that 22-3717(b)(2), which provides for parole eligibility after 20 years, and 21-4643(a)(1), which provides for parole eligibility after 25 years, both applied to his off-grid sentence for aggravated indecent liberties with a child. Chavez argued that the doctrine of lenity must be applied and his sentence modified to a mandatory minimum term of 20 years.

Instead, the court considered the various provisions of the act *in pari materia,* with a view of reconciling and bringing the provisions into a workable harmony. The 2006 amendment to 22-3717 created an overlap, but it did not create any reasonable doubt as to the meaning of the statute. This provision was obviously intended to make parole eligibility under 22-3717 comport with the newly created mandatory minimum terms of imprisonment under Jessica's Law. The court concluded that "[a] defendant who is sentenced under Jessica's Law, K.S.A. 21-4643, is subject to a mandatory minimum term of imprisonment of not less than 25 years before becoming eligible for parole." *State v. Chavez,* 292 Kan. 464, Syl. ¶ 2. K.S.A. 21-4643(a)(1)(B) specifically references "rape, as defined in subsection (a)(2) of K.S.A. 21-3502." As such, K.S.A. 21-4643(a)(1)(B) controls Mendoza's sentence. Mendoza was properly sentenced to a life term without possibility of parole for 25 years.

*Lifetime Electronic Monitoring*

Mendoza next argues that the district court lacked jurisdiction to impose lifetime electronic monitoring as a condition of parole.

Mendoza acknowledges that he did not object, but he argues that the court was without jurisdiction to impose the parole condition of electronic monitoring because K.S.A. 2008 Supp. 22-3717(u) gives that authority to the parole board. The State allows that the court may have been premature in ordering electronic monitoring for life and lifetime parole but argues that any such error was harmless.

In *State v. Jolly*, 291 Kan. 842, 848, 249 P.3d 421 (2011), the court concluded that a sentencing court may not impose electronic monitoring pursuant to 22-3717(u), saying:

"The statute plainly states that the parole board shall order electronic monitoring as a condition of parole. K.S.A. 22-3717(u) does not also provide authority for a sentencing court to order electronic monitoring under these circumstances. Additionally, K.S.A. 21-4603d, which authorizes numerous dispositions for persons who have been found guilty of a crime, does not provide authority for a sentencing court to impose parole conditions." *Jolly*, 291 Kan. at 848.

In *Chavez*, the court concluded that the "[i]mposition of parole conditions, including lifetime monitoring, is the province of the parole board and lies outside the jurisdiction of the district court." *State v. Chavez*, 292 Kan. 464, Syl. ¶ 3. As in *Chavez*, we vacate the portion of the sentence relating to electronic monitoring.

*Downward Departure*

Mendoza argues that the district court erred in denying his downward departure motion, pointing to the following mitigating factors: (1) Mendoza had no criminal history; (2) the State's recommendation for departure to a grid sentence was part of the plea agreement; and (3) Mendoza stated in allocution that he had family to support. The State argues that these factors were not sufficient to compel the court to abandon the status quo. Our standard of review on the denial of a sentencing departure is abuse of discretion.

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan.

541, 256 P.3d 801 (2011) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

At the sentencing hearing, Mendoza said only, "I just want to beg and ask if the sentence could be lowered; I have family. But if it can't be done, so be it." The State read a letter from the victim and a letter from the victim's father into the record. The district court stated:

"THE COURT: Mr. Mendoza, it's now time for me to pronounce sentence upon you. Before I do, I have a few things I want to tell you. The first is, the crime that you've committed is the most heinous and degrading act I've ever had the displeasure of being associated with in the criminal justice field, as a prosecutor, as a defense attorney, and my short time as a judge. The damage that you have done to that little girl is something that cannot ever be repaired, and she will be living with that for the rest of her life. It was a very, very selfish, malicious, perverted act.

"I find the defendant stands before the Court convicted of rape, in violation of K.S.A. 21-3502(a)(2). It is a person felony, nondrug, off-grid. I am going to deny the request of the State and the Defense Attorney for a downward departure and sentence you to life in prison."

Although the district court did not expressly consider the mitigating factors that Mendoza presented, it is difficult to conclude that no reasonable person would take the view adopted by the court. The victim is an 11-year-old girl who is now afraid to stay home alone. Her letter expressed fear and confusion because she was raped by someone her parents believed was a friend of the family. Her father's letter described the change in his happy, talkative, little girl who was 10 years old at the time of the events. The mitigating factors were not well developed in the record. The court's denial of the downward departure motion was reasonable.

Mendoza's life sentence without parole eligibility for 25 years is affirmed. The parole condition of lifetime electronic monitoring is vacated.