No. 102,912

STATE OF KANSAS, *Appellee*, v. RICKY G. HYCHE, *Appellant*.

(265 P.3d 1172)

Opinion filed December 2, 2011.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Ricky Hyche pled guilty to a Jessica's Law offense, *i.e.*, aggravated indecent liberties with a child, and received a hard 25 sentence pursuant to K.S.A. 21-4643(a)(1). He now raises three sentencing issues on appeal: (1) he should be eligible for parole after 20 years, not 25, pursuant to K.S.A. 22-3717(b)(2); (2) lifetime electronic monitoring is an invalid component of his sentence under *State v. Jolly*, 291 Kan. 842, 249 P.3d 421 (2011); and (3) his motion for a downward departure from the hard 25 sentence should have been granted. We have jurisdiction under K.S.A. 22-3601(b)(1).

Because the district court has no authority to impose lifetime electronic monitoring, we vacate that component of Hyche's sentence; we affirm the balance of his sentence.

## FACTS AND PROCEDURAL BACKGROUND

According to a police affidavit, Hyche was alone at his residence with his step-granddaughter, 7-year-old B.S.T., when he "put his hand into her pants and touched the outside of her vagina." B.S.T. stated that Hyche, whom she called "Papa," laid her on her side, removed her pants, and put "his penis inside her anus and she stated that it hurt her." B.S.T. began to cry and then left the room. When B.S.T. returned, Hyche did not touch her again.

Hyche pled guilty to a single charge of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A). At sentencing, he sought a downward departure sentence pursuant to K.S.A. 21-4643(d), which the State opposed. The district court denied the motion and sentenced Hyche to the hard 25 sentence prescribed in K.S.A. 21-4643(a)(1).

Additional facts will be added as necessary.

## ANALYSIS

Issue 1: *Hyche is not eligible for parole after serving only 20 years.*

*Standard of Review*

To the extent this issue requires this court to interpret language of the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 *et seq.* (KSGA), this court exercises unlimited review. *State v. Ballard,* 289 Kan. 1000, 1010, 218 P.3d 432 (2009).

*Discussion*

Hyche essentially acknowledges that for his admitted offense, K.S.A. 21-4643(a)(1) prescribes "a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years," *i.e.,* no parole eligibility for 25 years. But he argues that his parole eligibility fits within the statutory language of two other provisions: K.S.A. 22-3717(b)(2) and K.S.A. 22-3717(b)(5). Consequently, he contends the rule of lenity dictates that he be sen-

tenced to the shorter mandatory minimum term of imprisonment contained in those statutes: 20 years.

This court has already rejected this identical argument in a number of recent opinions. Hyche has provided us with no reason to retreat from that position now:

"Notwithstanding the overlap in the parole eligibility rules contained in K.S.A. 2008 Supp. 22-3717(b)(2) and (b)(5), an inmate sentenced to an off-grid, indeterminate hard-25 life sentence pursuant to K.S.A. 21-4643 shall not be eligible for parole until that inmate has served the mandatory 25 years in prison." *State v. Cash*, 293 Kan. 326, Syl. ¶ 1, 263 P.3d 786 (2011).

See *State v. Chavez*, 292 Kan. 464, 254 P.3d 539, 541 (2011); *State v. Pace*, 292 Kan. 937, 258 P.3d 381 (2011); *State v. Mendoza*, 292 Kan. 933, 258 P.3d 383 (2011).

Issue 2: *The district court erred in imposing lifetime electronic monitoring.*

*Standard of Review*

To the extent this issue requires interpreting language of the KSGA, we again exercise unlimited review. *State v. Ballard*, 289 Kan. at 1010.

*Discussion*

Hyche argues the imposition of lifetime electronic monitoring is prohibited by *State v. Jolly*, an opinion released after he was sentenced. The State responds that Hyche's judge was not imposing electronic monitoring but merely describing to Hyche the consequences of a hard 25 sentence. At sentencing the judge stated:

"This is the only captioned case, aggravated indecent liberties, and it's an off-grid person felony. The Court does sentence you to life in prison with eligibility of parole after 25 years. *You will be subject to lifetime electronic monitoring.* You will be subject to lifetime registration. There is no good time credit with regard to this." (Emphasis added.)

In *Jolly*, the district judge had used almost identical language, which we treated as imposing electronic monitoring in Jolly's sentence:

"I'm going to impose a 25 years sentence, which would be 300 months, with the Department of Corrections. And I'm going to impose life-time post-release su-

pervision. And the Court does find this to be a sexually motivated offense and the Court will order that you register as a sex offender for life. *And you'll be subject to life-time monitoring.*" (Emphasis added.) *Jolly,* 291 Kan. at 844-45.

Under these circumstances, we readily conclude Hyche's judge did impose lifetime electronic monitoring as a condition of Hyche's sentence. Because we held in *Jolly* this was inappropriate and required vacation of that portion of the sentence, we likewise vacate that portion of Hyche's sentence. See *Jolly,* 291 Kan. at 848; *Chavez,* 292 Kan. at 470.

**Issue 3:** *The district court did not abuse its discretion in denying downward departure.*

### Standard of Review

When a sentencing court denies a defendant's motion to depart under K.S.A. 21-4643(d), we review the denial for abuse of discretion. *State v. Chavez,* 292 Kan. at 469. As we recently described this standard, judicial discretion is abused:

"[I]f judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.,* if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.,* if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.,* if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward,* 292 Kan. 541, 550, 256 P.3d 801 (2011) (citing *State v. Gonzalez,* 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

### Discussion

Hyche acknowledges that under Jessica's Law, the prescribed punishment for his offense—aggravated indecent liberties with a child—is a mandatory minimum sentence of the hard 25. See K.S.A. 21-3504(a)(3)(A) and (c); K.S.A. 21-4643(a)(1)(C). But he points out that subsection (d) of 21-4643 authorizes downward departures from the prescribed hard 25 sentence for substantial and compelling reasons. And Hyche argues that the district court abused its discretion when it denied his motion for a downward departure because he (1) had no prior criminal history, (2) was amenable to treatment, (3) accepted responsibility for his actions, (4) cooperated with the police, and (5) was a contributing member of society.

At sentencing, the court considered Hyche's statements and testimony from members of Hyche's family, as well as Hyche's pastor. The judge stated he believed that Hyche was "very sorry for what [he] did."

Yet the judge also observed that the 7-year-old victim, B.S.T., was Hyche's step-grandchild, and that she referred to Hyche as "Papa." The judge also found that Hyche's actions violated a trusting familial relationship.

When a sentencing court considers departures from an off-grid sentence, per K.S.A. 21-4643(d) it reviews the mitigating circumstances. It also reviews aggravating circumstances. But it does not simply add the total number of mitigators and then contrast them with the total number of aggravators. *Ballard*, 289 Kan. at 1009. And while Hyche's judge expressly reviewed the mitigators, he also considered valid aggravators before denying Hyche's departure motion. These included the nature of the relationship between the victim and the perpetrator, the vulnerability of the victim, and the special type of harm the crime caused to the familial relationship.

We have affirmed the denial of a departure motion when its basis was because "the relationship of the appellant to the victim was one of great trust." *State v. Trevino*, 290 Kan. 317, 323, 227 P.3d 951 (2010). Similarly, we have affirmed denials based upon a determination that defendant's action "destroyed [his] family" (*Chavez*, 292 Kan. at 470), and because defendant was a friend of the family (*Mendoza*, 292 Kan. at 936).

Under these circumstances, we conclude the district court did not abuse its discretion in denying Hyche's motion for a downward departure sentence.

The condition of Hyche's hard 25 sentence requiring lifetime electronic monitoring is vacated. The remainder of his sentence is affirmed.