No. 105,146

STATE OF KANSAS, *Appellee*, v. PHILLIP JAMES BAPTIST, *Appellant*.

(280 P.3d 210)

Opinion filed July 13, 2012.

*Christina M. Waugh*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Phillip Baptist pleaded no contest to the off-grid crime of rape of a child under the age of 14. The district court imposed a hard 25 life sentence under Jessica's Law, K.S.A. 21-4643(a)(1)(B), meaning Baptist would only be eligible for parole after serving 25 years in prison, and also imposed lifetime post-

release supervision. Now, on direct appeal, Baptist raises three sentencing issues.

First, he argues he should be eligible for parole after serving 20 rather than 25 years in prison—a hard 20 rather than a hard 25 life sentence. He points to two statutory parole provisions that apply to off-grid crimes and argues the rule of lenity, which requires ambiguous statutory provisions be construed in favor of a criminal defendant, requires the court to apply the more lenient 20-year provision. This issue presents a legal question that this court has recently decided; we held that the statutory provision providing for a hard 25 life sentence is the only provision that applies when a defendant is sentenced under Jessica's Law. Therefore, the district court did not err in sentencing Baptist to a hard 25 life sentence.

Second, Baptist argues the district court should have imposed lifetime parole rather than lifetime postrelease supervision. Again, this presents a recently decided legal issue. We held that a defendant, such as Baptist, who is sentenced under Jessica's Law is subject to lifetime parole rather than lifetime postrelease supervision. Therefore, the district court erred in sentencing Baptist to lifetime postrelease supervision, and this portion of Baptist's sentence must be vacated.

Finally, Baptist argues an issue unique to his appeal by contending the district court abused its discretion when it denied his motion to depart from the sentence provided for in Jessica's Law. Under the facts of this case, we hold the district court did not abuse its discretion in denying the motion because reasonable people could have agreed with the district court's decision that the aggravating circumstances of the crime—the forcible rape of Baptist's 10-year-old stepdaughter—outweighed the mitigating factor—Baptist's lack of a prior criminal record.

## FACTS AND PROCEDURAL BACKGROUND

The specific crime to which Baptist pleaded no contest—rape of a child under the age of 14—is a violation of K.S.A. 21-3502(a)(2). The sentence for the crime is primarily governed by K.S.A. 21-4643, known as Jessica's Law. Jessica's Law enhances the severity level of specified crimes, including rape of a child under

the age of 14, if the defendant is over 18 years of age. K.S.A. 21-4643(a)(1)(B). In this case, the district court informed Baptist that if he entered a plea he would be found guilty and would receive a mandatory life sentence without possibility of parole for 25 years (hard 25 life sentence) because Jessica's Law applied.

After the plea hearing and before sentencing, Baptist filed a motion for a departure sentence in which he requested a departure from a Jessica's Law life sentence to the lowest sentence allowed in the applicable Kansas Sentencing Guidelines Act (KSGA) grid box—147 months' imprisonment. See K.S.A. 2008 Supp. 21-4704(a). In his written motion, he argued the departure was justified by several mitigating factors, including his lack of criminal history and the positive side-effects of his no contest plea, which are that it "prevented the victim from having to testify in front of jurors and conserved judicial resources." At the sentencing hearing, defense counsel pointed again to Baptist's lack of criminal history and also to Baptist's age, 52, at the time of sentencing. Counsel noted that even if the district court departed to the KSGA grid box, "[i]t would be not until his 60's before he would be released. The victim in this case would certainly be an adult by then."

The State argued in opposition to a departure sentence. The prosecutor noted that Baptist committed the rape "forcibly," and he committed this crime against his 10-year-old stepdaughter with whom he was "supposed to have a fiduciary relationship."

After considering the evidence and counsel's arguments, the district judge denied Baptist's departure motion, stating:

"Mr. Baptist, you have been convicted of a serious personal felony. [The] Kansas [L]egislature has specifically addressed crimes such as this, and they have proscribed statutory sentence of life in prison with no parole eligibility until the expiration of 25 years.

"I have considered the evidence in the case and the arguments presented, and it is my decision that you receive imprisonment for life for your crime in this case. Again, that comes with the bar to parole until the expiration of 25 years.

. . . .

"Your post-release supervision is lifetime."

Baptist now brings a timely appeal. This court has jurisdiction under K.S.A. 22-3601(b)(1) (maximum sentence of life imprisonment imposed; appeal docketed prior to July 1, 2011).

Issue 1: Did the District Court Err in Sentencing Baptist to a Hard 25 Life Sentence under K.S.A. 21-4643(a)(1)(B) and K.S.A. 2008 Supp. 22-3717(b)(5) Rather Than a Hard 20 Life Sentence under K.S.A. 2008 Supp. 22-3717(b)(2)?

First, Baptist argues the rule of lenity requires him to be sentenced to a hard 20 life sentence rather than a hard 25 life sentence because his parole eligibility fits within the statutory language of two provisions: K.S.A. 2008 Supp. 22-3717(b)(2) and K.S.A. 2008 Supp. 22-3717(b)(5).

We have considered essentially the same argument in two recent decisions filed after Baptist's brief was prepared: *State v. Cash*, 293 Kan. 326, 327-29, 263 P.3d 786 (2011), and *State v. Chavez*, 292 Kan. 464, 465-69, 254 P.3d 539 (2011). In these cases, we noted that the parole eligibility provision on which Baptist relies—K.S.A. 2008 Supp. 22-3717(b)(2)—is a general provision allowing for parole after an inmate convicted of an off-grid crime has been in prison for 20 years. Yet, K.S.A. 22-3717(b)(5) was contained in the same legislation, see L. 2006, ch. 212, secs. 2, 19 (H.B. 2576), that established a more specific 25-year mandatory minimum prison term for sentences governed by Jessica's Law, K.S.A. 21-4643. See *Cash*, 293 Kan. at 328-29; *Chavez*, 292 Kan. at 468. Accordingly, this court concluded that the general rule of strict construction of criminal statutes must give way to the constraint that statutory interpretation "must be reasonable and sensible to effect legislative design and intent," and that "the rule of lenity is subject to the existence of 'any reasonable doubt' as to the statute's meaning." *Chavez*, 292 Kan. at 468; see *Cash*, 293 Kan. at 329 (citing *Chavez* with approval). Applying these principles, in *Chavez* this court held:

"Given the specific language of subsection (b)(5) as compared to the more general language of subsection (b)(2), together with the concurrent adoption of the mandatory minimum sentences in K.S.A. 21-4643 and the parole eligibility provision in K.S.A. 22-3717(b)(5), there can be no reasonable doubt that the legislature intended for a person convicted of aggravated indecent liberties with a child to be parole eligible only after serving the mandatory minimum sentence specified in K.S.A. 21-4643." *Chavez*, 292 Kan. at 468.

Even so, according to Baptist, the two subsections—K.S.A. 2008 Supp. 22-3717(b)(2) and K.S.A. 2008 Supp. 22-3717(b)(5)—can be

read in harmony and, therefore, the rule that a specific statute prevails over a more general statute is inapplicable. His argument is based on the assertion that "the fact that an inmate is eligible for parole after 25 years does not mean that the inmate is not also eligible after 20 years." This court specifically rejected both this argument and the assertion upon which the argument is based in *Cash*. We stated: "We are particularly unmoved by the argument that the two subsections can be read in harmony and, therefore, the rule that a specific statute prevails over a more general statute is inapplicable." *Cash*, 293 Kan. at 329; see *State v. Pace*, 292 Kan. 937, 938, 258 P.3d 381(2011) (following *Chavez*; K.S.A. 21-4643[a] is more specific statute and, therefore, hard 25 sentence prevails). Baptist has not presented any argument that persuades us to retreat from our holdings in *Cash* and *Chavez*.

Notwithstanding the overlap in the parole eligibility rules contained in K.S.A. 2008 Supp. 22-3717(b)(2) and K.S.A. 2008 Supp. 22-3717(b)(5), an inmate, such as Baptist, sentenced to an off-grid, indeterminate hard 25 life sentence pursuant to K.S.A. 21-4643 is not eligible for parole until that inmate has served the mandatory 25 years in prison. Baptist's hard 25 life sentence is affirmed.

ISSUE 2: DID THE DISTRICT COURT ERR IN IMPOSING LIFETIME POSTRELEASE SUPERVISION RATHER THAN LIFETIME PAROLE?

Next, Baptist contends the district court erred in imposing lifetime postrelease supervision rather than lifetime parole. The district court imposed a mandatory hard 25 life sentence which means Baptist received a life sentence (indeterminate life sentence) without possibility of *parole* for 25 years. See K.S.A. 21-4643(a)(1); K.S.A. 2008 Supp. 22-3717(b)(5).

As the State concedes, this court has previously decided this issue in Baptist's favor, concluding that " '[a]n inmate who has received an off-grid indeterminate life sentence can leave prison only if the [Kansas Prisoner Review] Board grants the inmate parole. Therefore, a sentencing court has no authority to order a term of [lifetime] postrelease supervision in conjunction with an off-grid indeterminate life sentence.' " *State v. Summers*, 293 Kan. 819, 832, 272 P.3d 1 (2012) (quoting *Cash*, 293 Kan. 326, Syl. ¶ 2); see

*State v. Harsh*, 293 Kan. 585, 590, 265 P.3d 1161 (2011) (parole is separate and distinct from sentence; if defendant with hard 25 life sentence ever leaves prison, it will be because parole was granted).

Consequently, the district court erred in imposing lifetime postrelease supervision. We, therefore, vacate the lifetime postrelease supervision portion of Baptist's sentence.

ISSUE 3: DID THE DISTRICT COURT ABUSE ITS DISCRETION IN DENYING BAPTIST'S MOTION FOR A DEPARTURE SENTENCE UNDER K.S.A. 21-4643(d)?

Finally, Baptist argues that the district court abused its discretion in denying his departure motion. In his appellate brief, he contends that one statutory mitigating circumstance alone—no prior criminal history—should have prompted the district court to find a substantial and compelling reason to depart from the Jessica's Law life sentence to the KSGA sentencing grid. This contention lacks merit.

As Baptist argues, Jessica's Law allows for a departure sentence and recognizes the lack of significant criminal history as a basis that can potentially justify a departure. Several portions of Jessica's Law support this conclusion.

First, Jessica's Law provides that a first-time offender convicted of raping a child under the age of 14 must be sentenced to life imprisonment with a minimum term of not less than 25 years "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 21-4643(d). This situation is in contrast to that of a defendant who has a more substantial criminal history; some defendants with an extensive criminal history may be subject to a minimum sentence of more than 25 years, unless the district court finds substantial and compelling reasons to depart. See K.S.A. 21-4643(a)(2) (A 25-year minimum sentence shall not apply if the court finds the defendant is an aggravated habitual sex offender or "the defendant, because of the defendant's criminal history classification, is subject to presumptive imprisonment pursuant to the sentencing guidelines grid for nondrug crimes and the sentencing range exceeds 300 months. In such case, the defendant is required to serve a

mandatory minimum term equal to the sentence established pursuant to the sentencing range.").

Next, Jessica's Law, in allowing for a departure for substantial and compelling reasons, provides a nonexclusive list of mitigating circumstances a district court may consider when deciding whether to depart from the statutorily prescribed sentence. See K.S.A. 21-4643(d). One of those circumstances is the one on which Baptist relies in his appellate brief: "The defendant has no significant history of prior criminal activity." K.S.A. 21-4643(d)(1).

Even though the lack of significant criminal history is a stated basis for departure, a district court is not obligated to depart simply because a mitigating factor exists. Rather, a district court has the discretion to either grant or deny the request. In exercising this discretion, a district court first reviews the mitigating circumstances and then weighs those circumstances against any aggravating circumstances, ultimately determining whether substantial and compelling reasons warrant a departure. *Harsh*, 293 Kan. at 586; *State v. Plotner*, 290 Kan. 774, 780, 235 P.3d 417 (2010). This court has defined the term " 'substantial' as 'something that is real, not imagined; something with substance and not ephemeral,' while the term ' "compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.' " *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009) (quoting *State v. McKay*, 271 Kan. 725, 728, 26 P.3d 58 [2001]). In this situation, the status quo is that the legislature has provided that someone without a prior criminal history who is convicted of the same crime as Baptist will receive a hard 25 life sentence. To justify a more lenient sentence, Baptist must establish a substantial and compelling reason.

When considering whether a defendant has established a substantial and compelling reason to depart from an off-grid sentence, the district court does not "simply add together the total number of mitigating circumstances and then contrast them with the total number of aggravating circumstances." *State v. Ballard*, 289 Kan. 1000, 1009, 218 P.3d 432 (2009). Nor is each mitigating circumstance required to sufficiently justify a departure by itself, so long as the collective circumstances constitute a substantial and com-

pelling basis for departure. *State v. Spencer*, 291 Kan. 796, 815, 248 P.3d 256 (2011).

Consistent with the discretion inherent in this weighing and evaluation, the standard of review on an appeal from the district court's decision on a departure motion is the abuse of discretion standard. *Spencer*, 291 Kan. at 807. Under this standard an appellate court can find an abuse of discretion under three circumstances:

"[I]f judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012) (citing *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 [2010]).

The second and third prongs of this abuse of discretion standard do not apply to our review of the district court's decision in this case. This is true even though the district court did not engage in a weighing of the mitigating and aggravating factors on the record. Jessica's Law does not require a district court to state the reasons a departure motion is denied; the statute only requires the district court to state on the record the substantial and compelling reasons for departure. See K.S.A. 21-4643(d); see *Harsh*, 293 Kan. at 587 (" 'Specificity by the district court judge when making his or her determination is not statutorily required' unless the court decides a departure is warranted."); *State v. Mendoza*, 292 Kan. 933, 936, 258 P.3d 383 (2011) (upholding denial of departure where district court did not expressly consider mitigating factors on the record because it was difficult to conclude that no reasonable person would take the view adopted by the court); *Plotner*, 290 Kan. at 780-81 (specificity by district court when making its determination is not statutorily required unless the court decides a departure is warranted).

Without the second or third prongs of the abuse of discretion standard at issue, Baptist essentially asserts no reasonable person would have agreed with the district court's decision in light of the mitigating factors he asserted in support of his departure motion.

In addition to the criminal history factor he solely relies upon in his appellate brief, in his motion Baptist also cited his age as a factor for the district court's consideration and the fact that his no contest plea "prevented the victim from having to testify in front of jurors and conserved judicial resources."

The State urged the district court to deny the departure, noting that Baptist committed the rape "forcibly," and he committed this crime against a 10-year-old girl, his stepdaughter, with whom he was "supposed to have a fiduciary relationship."

In several recent cases, this court has upheld a district court's denial of a departure motion based on grounds similar to those asserted by Baptist. See, e.g., *Plotner*, 290 Kan. at 780-81 (upholding district court's decision to deny departure motion despite defendant's claim he took responsibility for his actions, purposefully pleaded guilty to save his victims from testifying at trial, and lacked prior sexually motivated convictions); *State v. Trevino*, 290 Kan. 317, 322-23, 227 P.3d 951 (2010) (holding district court did not abuse its discretion in denying departure when defendant's relationship to the victim "was one of great trust," even though defendant had little criminal history); *State v. Robison*, 290 Kan. 51, 55-57, 222 P.3d 500 (2010) (affirming district court's denial of departure despite defendant's presentation of mitigating factors, including insubstantial criminal history, acceptance of responsibility, and demonstration of remorse); *State v. Spotts*, 288 Kan. 650, 655-56, 206 P.3d 510 (2009) (upholding district court's determination that none of the mitigating circumstances asserted by defendant justified departure, including his lack of prior sexually motivated convictions, his acceptance of responsibility, his demonstration of remorse, and his no contest plea that saved the victim from testifying at trial); *State v. Ortega-Cadelan*, 287 Kan. 157, 162-66, 194 P.3d 1195 (2008) (affirming district court's denial of departure when the extent and impact of defendant's crime outweighed the mitigating factors of defendant's admission of guilt, " 'very little previous criminal history,' " and sex offender evaluator's conclusion that defendant was good candidate for sex offender treatment).

Here, the district court considered the mitigating factors offered by Baptist, heard statements from Baptist's mother, and heard the

arguments asserted by counsel. After considering the evidence and arguments, the district court found a hard 25 life sentence was appropriate. The court's decision—in essence a determination that Baptist's lack of criminal history was not a substantial and compelling reason to depart from the sentence prescribed by the legislature—is one with which other reasonable people would agree in light of the facts' of this case, where the crime was the forcible rape of Baptist's 10-year-old stepdaughter. Hence, the district court did not abuse its discretion in denying Baptist's motion to depart from Jessica's Law to the KSGA.

Sentence affirmed in part, vacated in part, and remanded for resentencing.