NOT DESIGNATED FOR PUBLICATION

No. 120,719

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN A. WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed April 17, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., WARNER, J., and WALKER, S.J.

PER CURIAM: Defendant Brian A. White has launched a two-pronged attack on the Sedgwick County District Court's denial of his request for departure sentences after he pleaded guilty to two counts of raping his stepdaughter—Jessica's Law crimes with a standard punishment of life in prison with parole eligibility after serving 25 years. The district court imposed concurrent standard sentences. White contends the district court failed to heed the Kansas Legislature's broad policy pronouncements about punishment in K.S.A. 2019 Supp. 21-6601 and otherwise undervalued the mitigating factors he presented for lesser sentences. We find no error and affirm.

1

In March 2017, the State charged White with three counts of rape of his stepdaughter and one count of aggravated indecent liberties with a child. The charged crimes took place between fall 2012 and late summer 2016 when the victim was less than 14 years old. All of the crimes were Jessica's Law offenses. See K.S.A. 2019 Supp. 21-6627. The State and White's lawyer worked out an agreed disposition under which White would plead guilty to two counts of rape and the other two charges would be dismissed. The State would recommend concurrent standard sentences on the remaining rape charges, while White could ask the district court to impose a lesser punishment. See K.S.A. 2019 Supp. 21-6627(d) (district court may depart from standard Jessica's Law sentence in specific circumstances). About 18 months after he was charged, White pleaded guilty under the terms of the agreement with the State.

At the sentencing hearing in January 2019, White asked the district court to impose a reduced sentence and offered as mitigating factors his lack of criminal history; his gainful, long-term employment; his acceptance of responsibility for the criminal acts, as evidenced by his guilty pleas and the resulting benefit to his stepdaughter in not having to testify; and his low risk of reoffending, as shown in a presentencing evaluation. Consistent with the plea agreement, the State argued for concurrent life sentences. The district court followed the State's recommendation and imposed two concurrent life sentences on White with his first parole eligibility after he has served 25 years.

White has appealed the district court's denial of his request for a mitigated sentence.

On appeal, White contends the district court abused its discretion by imposing standard sentences for the rape convictions. See *State v. Jolly*, 301 Kan. 313, Syl. ¶ 7, 342 P.3d 935 (2015) (abuse of discretion standard governs district court's sentencing mitigation decision). A district court exceeds that discretion if it rules in a way no

2

reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

Under *Jolly*, a district court must consider the defendant's proffered mitigating factors without measuring them against any aggravating factors and then determine whether the mitigation evidence is sufficiently substantial and compelling to warrant some sentencing relief in light of the overall circumstances of the case. 301 Kan. 313, Syl. ¶ 5. The Legislature identified an illustrative list of mitigating circumstances in Jessica's Law cases. K.S.A. 2019 Supp. 21-6627(d)(2).

For his first point on appeal, White suggests the district court failed to heed the legislative policy pronouncements about punishment and sentences in K.S.A. 2019 Supp. 21-6601. The statute states:

> "K.S.A. 2019 Supp. 21-6601 through 21-6629, and amendments thereto, shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

White contends the general policies outlined in K.S.A. 2019 Supp. 21-6601 call for a mitigated punishment in his case and the district court simply failed to appreciate the import of those policies. We find the argument unpersuasive.

3

In sentencing White, the district court did not mention K.S.A. 2019 Supp. 21-6601. But in our view it had no particular reason to do so. The language in K.S.A. 2019 Supp. 21-6601 reflects a general statement of legislative policy upon which the Kansas sentencing scheme rests. The policy statements are not, strictly speaking, precatory, but they do not presume to dictate sentencing in a particular case. Rather, they indicate a preference for avoiding extended incarceration of defendants who are not considered dangerous, consistent with "the needs of public safety and the welfare of the offender." And K.S.A. 2019 Supp. 21-6601 recognizes that "dangerous offenders shall be correctively treated in custody for long terms as needed."

Nothing in K.S.A. 2019 Supp. 21-6601 curtails, let alone abandons, the recognized purposes of criminal punishment:  retribution, incapacitation, deterrence, and rehabilitation. See *State v. Ayers*, 309 Kan. 162, 165-66, 432 P.3d 663 (2019). Similarly, the Kansas Supreme Court has recognized sexual abuse of children to be particularly pernicious criminal behavior, warranting the harsh standard statutory punishments the Legislature has enacted for those crimes. *State v. Mossman*, 294 Kan. 901, 909-12, 281 P.3d 153 (2012).

Moreover, K.S.A. 2019 Supp. 21-6627, enacting Jessica's Law, constitutes a specific sentencing statute in contrast to K.S.A. 2019 Supp. 21-6601 that offers an outline of general policy objectives. Specific statutes control over general ones in the customary canon of construction. *Merryfield v. Sullivan*, 301 Kan. 397, 398, 343 P.3d 515 (2015). That canon governs here. The Kansas Supreme Court has already recognized Jessica's Law to be a specific sentencing statute applicable in preference to more general sentencing statutes. *State v. Randolph*, 297 Kan. 320, 336-37, 301 P.3d 300 (2013) (nonexclusive list of mitigating circumstances in Jessica's Law controls over statutory list of mitigating factors generally applicable under sentencing guidelines); *State v. Chavez*, 292 Kan. 464, 468-69, 254 P.3d 539 (2011) (Jessica's Law restriction on parole eligibility

4

controls over parole provisions for off-grid felonies generally). Consistent with *Randolph* and *Chavez*, the district court here proceeded appropriately without mentioning or explicitly attempting to apply K.S.A. 2019 Supp. 21-6601 in sentencing White. The omission was not a deviation from the governing legal framework and, therefore, could not have been an abuse of discretion.

White's argument based on K.S.A. 2019 Supp. 21-6601 may be creative. And although we may acknowledge creativity from time to time, we cannot reward it absent concomitant legal substance. In short, an innovative argument is not necessarily a legally worthwhile one simply because of its innovation.

White, however, also argues that the district court abused its discretion in giving short shrift to the mitigating circumstances he presented during the sentencing hearing. In making this argument, White does not contend the district court misunderstood or misapplied the law apart from failing to consider K.S.A. 2019 Supp. 21-6601—a point we, of course, have rejected. Nor does White suggest the district court mistook the relevant facts. He, then, necessarily premises this claim of abuse of discretion on the notion no other district court would impose a standard Jessica's Law sentence in circumstances similar to this case.

In K.S.A. 2019 Supp. 21-6627, the Legislature has clearly directed that adults who sexually abuse children typically should be sent to prison for life. Only first-time sex offenders who present "substantial and compelling" mitigating circumstances should be considered for a reprieve.

White's lack of criminal history is a statutory mitigating circumstance and, thus, weighs in favor of a sentencing reduction. K.S.A. 2019 Supp. 21-6627(d)(2)(A). It does not, however, require a reduction. The presentence evaluation showing White to have a below average chance of reoffending, including a recognized actuarial tool assessing

5

recidivism by comparing certain predictive characteristics of the defendant with a numerically significant offender population, also tends to support mitigation. But the evaluation does not in any way undo the destructive consequences of White's abuse of his stepdaughter. The child's mother outlined some of them at the sentencing hearing. That White has held a skilled (and presumably good paying) job for a long time is certainly to his credit generally. Just how it warrants a departure from a standard Jessica's Law sentence isn't so obvious. White's decision to plead guilty does reflect an acceptance of responsibility and kept his stepdaughter from having to testify. But White also realized a material benefit under the plea agreement. The State dismissed two charges. Had White gone to trial and been convicted on all four charges, he could have been sentenced consecutively, greatly extending his wait to be considered for conditional release from prison. The circumstances of the case show that White repeatedly abused his stepdaughter over an extended time. The pattern of abuse cuts against leniency and reasonably supports the standard sentence the district court imposed. We have no hesitancy in concluding other district courts would have done the same.

Affirmed.