No. 104,579

STATE OF KANSAS, *Appellee*, v. KEVIN CONRAD, *Appellant*.

(298 P.3d 320)

Opinion filed April 12, 2013.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

MORITZ, J.: Kevin Conrad appeals his sentence of 25 years to life under Jessica's Law, K.S.A. 21-4643(a)(1)(C). Conrad argues his sentence is unconstitutional because it is cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights and is contrary to statute because he should be parole eligible after 20 years.

We conclude Conrad's sentence is constitutional and he must serve 25 years before he is eligible for parole. We do vacate, however, the district court's imposition of lifetime postrelease supervision.

### FACTUAL BACKGROUND

Conrad's convictions arose from his sexual abuse of four chil-

dren. In return for his plea to three counts of aggravated indecent liberties with a child and one count of lewd and lascivious behavior, the State dismissed six additional counts. The district court sentenced Conrad pursuant to K.S.A. 21-4643(a)(1)(C), imposing a controlling sentence of 25 years to life. This sentence was based on Conrad's conduct with his 11-year-old biological daughter, G.R.C. Between September 2006 and January 2007, Conrad forced vaginal intercourse on G.R.C. several times a month.

The district court imposed concurrent sentences of varying lengths for the three remaining convictions, each involving a different child victim. Between August 2005 and June 2006 about twice a week Conrad forced Z.C.C., his 13-year-old stepson, to touch Conrad's penis or Conrad touched Z.C.C.'s penis without Z.C.C.'s consent. Conrad forced vaginal intercourse on his stepdaughter, J.D.C., a 9- to 10-year-old girl, repeatedly between August 2005 and June 2006, and he forced J.D.C. to touch his penis. Conrad also exposed his penis to M.J.B., a 9-year-old girl.

Conrad timely filed a notice of appeal, and this court has jurisdiction pursuant to K.S.A. 22-3601(b)(1) (permitting direct appeal for convictions of off-grid crimes).

## ANALYSIS

*Conrad's sentence is not cruel or unusual punishment and does not violate § 9 of the Kansas Constitution Bill of Rights.*

Conrad argues his sentence of 25 years to life, prescribed under Jessica's Law, is cruel or unusual under § 9 of the Kansas Constitution Bill of Rights. After briefs were filed in this case, we conducted a case-specific analysis under § 9 in *State v. Woodard*, 294 Kan. 717, 280 P.3d 203 (2012), and rejected Woodard's argument that his Jessica's Law sentence for a conviction of aggravated indecent liberties with a child was cruel or unusual punishment.

### Standard of Review

Because a district court makes both legal and factual conclusions in reviewing whether a sentence is cruel or unusual punishment under § 9 of the Kansas Constitution Bill of Rights, this court applies a bifurcated standard of review. " '[W]ithout reweighing

the evidence, the appellate court reviews the factual underpinnings of the district court's findings under a substantial competent evidence standard, and the district court's ultimate legal conclusion drawn from those facts is reviewed de novo.' " *State v. Britt*, 295 Kan. 1018, 1031, 287 P.3d 905 (2012) (quoting *Woodard*, 294 Kan. at 720).

### *The* Freeman *Test*

Section 9 of the Kansas Constitution Bill of Rights prohibits "cruel or unusual punishment." Punishment violates § 9 when "it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." *State v. Gomez*, 290 Kan. 858, Syl. ¶ 9, 235 P.3d 1203 (2010). We analyze § 9 challenges using the three-part *Freeman* test, which examines both the facts and circumstances of the crime and engages in a broader comparison of sentencing statutes:

"(1) The nature of the offense and the character of the offender should be examined with particular regard to the degree of danger present to society; relevant to this inquiry are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment;

"(2) A comparison of the punishment with punishments imposed in this jurisdiction for more serious offenses, and if among them are found more serious crimes punished less severely than the offense in question the challenged penalty is to that extent suspect; and

"(3) A comparison of the penalty with punishments in other jurisdictions for the same offense." *State v. Freeman*, 223 Kan. 362, 367, 574 P.2d 950 (1978).

Although a single factor of the *Freeman* test can direct our conclusion, we examine each of the factors. See *Britt*, 295 Kan. at 1032.

The first factor considers the nature of the offense, character of the offender, and the danger the offender presents to the public. *State v. Ross*, 295 Kan. 424, 426, 284 P.3d 309 (2012). "Relevant factors are the facts of the crime, the violent or nonviolent nature of the offense, the extent of culpability for the injury resulting, and the penological purposes of the prescribed punishment." 295 Kan. at 426.

The district court examined specific facts related to Conrad's offense and the nature of his crime and essentially concluded the

first factor did not weigh in Conrad's favor. The district court pointed out that the legislature proscribed a harsh punishment for sex offenses against children because it is "heinous conduct" and noted that perpetrators of these crimes have a great deal of power over their victims, making it difficult for the victim to stop the abuse and, in some cases, to understand what is happening to them. The district court also concluded Conrad's own history of abuse increased the likelihood Conrad would reoffend and that Conrad's conduct caused great injury to his victims. These factual findings are supported by substantial competent evidence.

On appeal, Conrad argues that the nonviolent nature of the crime and his own history of being subjected to physical and sexual abuse make the punishment more likely to be cruel or unusual. However, as we noted in *State v. Mossman*, 294 Kan. 901, 912, 281 P.3d 153 (2012), sex crimes against minors are historically considered violent even if no physical force is used. Additionally, the district court considered Conrad's abusive past and determined that the abuse did not excuse the conduct, but rather made it more likely Conrad would reoffend.

Further, the facts of the crime and Conrad's character weigh heavily in favor of finding his sentence not to be cruel or unusual. Conrad's conduct with G.R.C., for which he received the hard 25 life sentence, was far more heinous than the conviction implies. For instance, although he was convicted of sexually motivated touching, Conrad raped his 11-year-old daughter repeatedly over a 5-month period. Further, Conrad's additional convictions shed light on his character and the danger Conrad presents to society. Specifically, Conrad was punished for repeatedly raping his 9- to 10-year-old stepdaughter over a 10-month period, repeated sex acts with his stepson, and exposing himself to a third child. Significantly, Conrad "enjoyed a position of trust" in some of his victims' lives as either their stepfather or father. See *Britt*, 295 Kan. at 1033. Considering the facts surrounding the controlling conviction and the circumstances of the additional convictions, Conrad's punishment was not disproportionate to his crime and the first *Freeman* factor weighs heavily in favor of finding Conrad's sentence constitutional.

The second factor of *Freeman* steps away from the facts of the crime at issue and compares "the punishment with punishments imposed in this jurisdiction for more serious offenses." *Freeman*, 223 Kan. at 367. Here, Conrad makes two arguments.

Conrad first contends Kansas punishes some homicides, such as intentional second-degree murder, less harshly than aggravated indecent liberties with a child and therefore his punishment for aggravated indecent liberties with a child is "suspect." This court, however, has already rejected that argument, and Conrad gives us no reason to revisit that conclusion. See *Woodard*, 294 Kan. at 723 (concluding some homicides are punished more harshly than aggravated indecent liberties and noting "[t]here is no strict linear order of criminal activity that ranks all homicides as the most serious crimes").

Conrad also argues rape of a child under 14 years of age is punished at the same level as aggravated indecent liberties with a child even though rape is a more severe crime, also making the punishment suspect. Conrad points out that when the victim of the crime is over 14 years of age, the legislature punishes rape more severely than it punishes crimes not involving penetration, indicating that the legislature considers penetration more severe than crimes involving touching. But we rejected this distinction in *State v. Newcomb*, 296 Kan. 1012, 298 P.3d 285 (2013).

The final *Freeman* factor compares the crime's penalty in this state with other jurisdictions' punishment for the same offense. Theoretically, our conclusion regarding the third *Freeman* factor in *Woodard*, where the crime at issue also was aggravated indecent liberties with a child, could be controlling here. In our analysis of the third *Freeman* factor in *Woodard*, however, we examined cases that upheld challenges to statutes punishing penetration and oral contact rather than touching or fondling. See *Woodard*, 294 Kan. at 724-25. As Conrad argues, crimes involving penetration may be similar crimes but they are not the "same" crime. In *State v. Seward*, 296 Kan. 979, 297 P.3d 272 (2013) we noted that the third *Freeman* factor compares the crime at issue with the same offense in other states, and we expressly disapproved of *Woodard*'s drift to a comparison of similar offenses. Slip op. at 13.

Nevertheless, Conrad's brief fails to provide this court with adequate information to compare the crime of aggravated indecent liberties with a child to the same offense in other states. Significantly, Conrad supplies this court with the punishment for the same offense for only one other state. For another 12 states, he provides a statutory citation but no analysis, and at times cites only the sentencing statute and not the crime he argues is the same offense. Conrad ignores 31 states other than briefly suggesting, without support or analysis, that these states punish penetration more harshly than they punish touching.

Conrad's brief is inadequate to support his argument that the third factor weighs in his favor. For this court to compare the punishment for the same offense in other states, it must consider the range of punishment throughout the country, where states fall along that range, and where Kansas falls relative to other states. By omitting any statutory information for most states and providing inadequate information for all but one state, Conrad fails to support his argument that the third *Freeman* factor weighs in his favor. Therefore, we decline to find this factor supports Conrad's argument that his punishment is unconstitutional.

Because of the egregiousness of Conrad's conduct, the first *Freeman* factor directs the outcome in this case. The facts underlying Conrad's crimes and the findings of the district court dictate our conclusion that Conrad's sentence is not disproportionate to his crime and his sentence is constitutional.

*The district did not err by sentencing Conrad to 25 years without the possibility of parole instead of 20 years without the possibility of parole.*

Next, Conrad challenges the district court's imposition of a hard 25 sentence, arguing he should be parole eligible after 20 years instead of 25 years because two provisions of K.S.A. 22-3717 raise doubt about when he should be eligible for parole. Compare K.S.A. 22-3717(b)(2) ("an inmate sentenced to imprisonment for an off-grid offense . . . shall be eligible for parole after serving 20 years") with K.S.A. 22-3717(b)(5) ("[a]n inmate sentenced to imprisonment pursuant to [Jessica's Law] . . . shall be eligible for parole

after serving the mandatory term of imprisonment"); K.S.A. 21-4643(1)(C) (Jessica's Law provision providing persons convicted of aggravated indecent liberties with a child must serve 25 years' imprisonment).

But we have already resolved Conrad's challenges in prior Jessica's Law cases. After examining the statutory provisions at issue here, we concluded there was no reasonable doubt the legislature intended individuals convicted of aggravated indecent liberties with a child be eligible for parole after 25 years. See *State v. Baptist*, 294 Kan. 728, 731-32, 280 P.3d 210 (2012); *State v. Cash*, 293 Kan 326, 329, 263 P.3d 786 (2011); *State v. Chavez*, 292 Kan. 464, 469, 254 P.3d 539 (2011). Here, Conrad must serve 25 years before he is eligible for parole.

*The district court improperly sentenced Conrad to lifetime postrelease supervision instead of parole.*

Although not discussed by the parties, at sentencing the district court orally sentenced Conrad to lifetime postrelease supervision. Defendants sentenced under Jessica's Law are not subject to lifetime postrelease supervision and that portion of Conrad's sentence is illegal. See K.S.A. 22-3717(b)(5); *Britt*, 295 Kan. at 1035. This court may *sua sponte* correct an illegal sentence. *State v. Gilliland*, 294 Kan. 519, 552, 276 P.3d 165 (2012); see also K.S.A. 22-3504 (providing "[t]he court may correct an illegal sentence at any time"). Accordingly, we vacate the imposition of lifetime postrelease supervision.

Sentence affirmed in part and vacated in part.