NOT DESIGNATED FOR PUBLICATION

No. 117,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRENT L. ROBINSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Jackson District Court; MICHEAL IRELAND, judge. Opinion filed March 30, 2018. Sentence vacated and case remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Jon S. Simpson*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GARDNER, J., and BURGESS, S.J.


PER CURIAM:  Trent L. Robinson appeals, arguing that his sentence was illegal, that the journal entry is erroneous, and that the district court failed to sufficiently inquire at sentencing into his complaints about his counsel and his plea. We agree that Robinson's sentence is illegal so we remand for resentencing without reaching his other claims.


We need not set forth the facts underlying Robinson's conviction. Robinson pled no contest to one count of rape under "Jessica's Law," K.S.A. 2011 Supp. 21-5503(a)(3). The district court stated it sentenced him to "25 years to life without the possibility of

1

parole to the Secretary of Corrections." The journal entry of judgment reflected a sentence of "Life Imprisonment" with "Hard 25" and "Lifetime Postrelease Supervision."

*Did the district court impose an illegal sentence?*

Robinson first argues that the district court imposed an illegal sentence because its pronounced sentence did not conform to the sentencing statute.

Whether a sentence is illegal is a matter of statutory interpretation and, thus, a question of law over which we have unlimited review. *State v. Sims*, 294 Kan. 821, 824, 280 P.3d 780 (2012). K.S.A. 2017 Supp. 22-3504(3) defines "illegal sentence" as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced."

The current version of the applicable sentencing statute (same language) requires imposition of "a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years." K.S.A. 2017 Supp. 21-6627(a)(1). But the district court did not echo this statutory language when sentencing Robinson. Instead, it pronounced a sentence of "25 years to life without the possibility of parole to the Secretary of Corrections." The district court used similar language earlier in the hearing when noting it had explained to Robinson at the arraignment that "the penalty was[] 25 to life without parole."

But a defendant convicted of a Jessica's Law offense is to receive a life sentence *with* the possibility of parole after serving 25 years. K.S.A. 2017 Supp. 21-6627(a)(1). This is sometimes referred to as a life sentence where the defendant is "eligible for parole after 25 years," or a life sentence "without the possibility of parole for 25 years." See,

2

e.g., *State v. Conrad*, 297 Kan. 76, 82, 298 P.3d 320 (2013); *State v. Seward*, 296 Kan. 979, 989, 297 P.3d 272 (2013). Eligibility for parole after serving 25 years is a key feature that distinguishes the Jessica's Law hard 25 from other indeterminate sentences. See, e.g., K.S.A. 2017 Supp. 21-6620 (imposing life without the possibility of parole as punishment for capital murder, and life without the possibility of parole for 50 years as punishment for premeditated first-degree murder). Sentencing Robinson to "25 years to life without the possibility of parole to the Secretary of Corrections" is not the same as sentencing Robinson to "life without the possibility of parole for 25 years." The district court's sentence here permits Robinson to serve 25 years to life, to be released, but to never be eligible for parole.

The parties acknowledge that the district court likely intended to impose the sentence required by the statute, despite its wording. But words matter very much in this context. The actual sentencing occurs when the defendant appears in open court and the judge orally states the terms of the sentence. *State v. Moses*, 227 Kan. 400, 402, 607 P.2d 477 (1980). "Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence." *State v. Royse*, 252 Kan. 394, Syl. ¶ 4, 845 P.2d 44 (1993). For that reason, a criminal sentence is effective when pronounced from the bench; it does not derive its effectiveness from the journal entry. *Love v. State*, 280 Kan. 553, 560, 124 P.3d 32 (2005). So if a discrepancy exists between the pronounced sentence and the journal entry, the pronounced sentence controls. *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007).

In sentencing, intent matters not at all, as "the pronouncement from the bench control[s], regardless of the sentencing court's intent." 284 Kan. at 304. What the sentencing court may have intended is irrelevant:

> "'Clearly, the court pronounced a sentence that gives a controlling 45-year-to-life sentence. *What the court may or may not have intended is irrelevant. The sentences as*

3

*pronounced were effective upon their pronouncement and control over the journal entries herein.* A journal entry which imposes a sentence at variance with that pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed. The case must, therefore, be remanded to the district court for journal entry correction to conform to the sentences pronounced.' *Hegwood*, 256 Kan. at 906." *Abasolo*, 284 Kan. at 304.

The State argues that Robinson "demands too much precision" in wording. It argues that when placed in context with the district court's statement "'if and when [Robinson is] released,'" the sentence pronounced complies with the sentencing statute. But this phrase, read in context, says only that "[y]ou will have to register as an offender if and when you are released." It says nothing about the length of Robinson's sentence or the possibility of parole in the event he is released. And the cases above teach that we are not at liberty to save a sentence by interpreting contextual clues or applying inferences. See *State v. Gilliland*, 294 Kan. 519, 551-52, 276 P.3d 165 (2012) (rejecting the State's attempt to provide a saving interpretation in a Jessica's Law sentence that failed on its face to conform to the statute). The language of the sentence must explicitly conform to the language of the statute.

By sentencing Robinson to "25 years to life without possibility of parole," the district court failed to sentence Robinson to a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years, followed by the possibility of parole, as required by K.S.A 2017 Supp. 21-6627(a)(1).

The parties agree, as do we, that the remaining issues are moot given our ruling on this issue. Accordingly, we do not rule on them, but we note that the journal entry of judgment erroneously reflects imposition of lifetime postrelease supervision instead of lifetime parole. See K.S.A. 2017 Supp. 22-3717(b)(6); *Conrad*, 297 Kan. at 82.

We vacate Robinson's sentence and remand for resentencing with new counsel.

4