NOT DESIGNATED FOR PUBLICATION

No. 114,770

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ONA M. WOLF,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 4, 2016. Affirmed.

*Kai Tate Mann*, Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Adrienn F. Clark*, legal intern, Marc *Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  Ona Wolf entered guilty pleas to one count of robbery and one count of aggravated burglary. The plea agreement stated the State would dismiss one count of criminal deprivation of property and not charge Wolf with kidnapping. Wolf could also argue for a departure, but the State would oppose it. Wolf asked the district court to consider a dispositional departure. At sentencing, the court found there were reasons to grant a durational departure but not a dispositional departure. The court imposed a controlling sentence of 98 months. Wolf appeals.

1

On March 15, 2015, Wolf was accused of entering a running vehicle owned by Sandy Griffith, without Griffith's permission, while Dollie Link was in the passenger seat. Wolf drove Griffith's vehicle and engaged in a struggle with Link, took Link's coin purse, and then exited the vehicle.

Wolf entered into a plea agreement where she pled guilty to one count of robbery and one count of aggravated burglary. The State dismissed the count of criminal deprivation of property and did not charge Wolf with kidnapping. Wolf was ordered to pay restitution and to have no contact with the victims. The plea agreement stated Wolf could argue for a departure, but the State would oppose it. Wolf's criminal history score at the time of sentencing was an A.

Wolf filed a motion for a dispositional departure and argued that her assumption of responsibility for her actions was a compelling reason to depart from the presumptive prison sentence. At the sentencing hearing, Wolf also argued that she had lung cancer, chronic pain, and surgeries that she had to deal with. In addition, her mother, grandmother, and two aunts had passed away which led her to commit this crime. She stated she had made an appointment with a local drug and alcohol treatment center which would admit her for inpatient treatment if she were granted probation. She had made an appointment with mental health services. Wolf argued that her family, specifically her 15 grandchildren, would suffer negative consequences if she were incarcerated. Last, she stated the events that led to her actions were motivated by her attempt to flee from a violent situation. She stated she had a gun pointed at her while she was walking and she was trying to get away from "him."

The State noted during the sentencing hearing that Wolf had a criminal history score of A, with 16 entries on the presentence investigation report that dated back to 1991. There had been a clear escalation in her criminal activity from nonperson

misdemeanors in the 1990s to the most recent person felonies in this case. Wolf argued the criminal history score of A was not because of violent crimes, because two of the three person felonies underlying her criminal history score were for failure to register.

The district court denied the dispositional departure and stated that a sentence of probation would not safeguard the community. The court found there was a substantial public safety consideration and Wolf could not be trusted right now on the street. The court also noted she had been granted a dispositional departure previously and was allowed probation 5 years prior to this case, but she did not appear to have learned her lesson because she was still engaging in criminal activity. Specifically, the court stated:

> "What is more notable in your case is in looking at your criminal history in 2010 you have these offender registration cases, which Ms. Lynn does refer to, and I do note those were four to five years ago. I looked at the history on that and you were presumptive prison in those. And you also received a dispositional departure to probation and, in fact, you completed that probation.
> "Now on one respect, that indicates that you may be able to complete probation. The problem is you were presumptive prison and you got the opportunity. Now less than five years later you're back on more serious crimes. So to again give you another dispositional departure to probation I don't believe sends either the correct message to you or necessarily safeguards the community. You have demonstrated by your history dating back twenty-five years and here recently for whatever reasons you continue to commit crimes."

However, the district court did grant a downward durational departure and sentenced Wolf to 98 months for the robbery, a level 5 person felony, down from the presumptive range of 122, 130, or 136 months, and 31 months for the aggravated burglary. The sentences were to run concurrently. The court stated the apparent need for mental health and substance abuse treatment were reasons to grant a durational departure to a 98 month sentence in this case.

3

Wolf appeals and outlines three reasons for a dispositional departure: (1) her actions were motivated by duress, (2) she was in poor health, and (3) sentencing her to prison was inconsistent with the purpose of reducing prison overcrowding.

When considering a challenge to the district court's ruling regarding the extent of a departure sentence, we review for an abuse of discretion. *State v. Jolly*, 301 Kan. 313, 324-25, 342 P.3d 935 (2015). When the extent of a departure is challenged, we also review the matter for an abuse of discretion. *State v. Spencer*, 291 Kan. 796, 807-08, 248 P.3d 256 (2011). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). A district court only abuses its discretion when no reasonable person would agree with its view or the decision is based on an error of law or fact. *State v. Pfannenstiel*, 302 Kan. 747, 760, 357 P.3d 877 (2015). Wolf bears the burden of establishing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Under K.S.A. 2015 Supp. 21-6815(a), the sentencing judge must impose the sentence provided for in the sentencing guidelines unless the judge finds "substantial and compelling reasons to impose a departure sentence." Substantial is defined as "something that is real, not imagined, something with substance and not ephemeral." *Jolly*, 301 Kan. at 314. Compelling reasons are those that force the court "to abandon the status quo and to venture beyond the sentence it would ordinarily impose." *State v. Hines*, 296 Kan. 608, 620, 294 P.3d 270 (2013). The district court considers both mitigating and aggravating factors when deciding whether substantial and compelling reasons exist to grant a departure sentence. K.S.A. 2015 Supp. 21-6815(c)(1) and (2). The district court is not required to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a) ("When a departure sentence is appropriate, the sentencing judge *may* depart from the sentencing guidelines." [Emphasis added]).

4

Wolf lists several factors she claims should have given the district court substantial and compelling reasons to grant a dispositional departure. Specifically, she claims the court should have granted a dispositional departure because: (1) she was fleeing a violent situation and, therefore, under duress; (2) she was in poor health; and (3) her sentence of incarceration was inconsistent with the purposes of reducing overcrowding in prison.

There are statutes and cases that may support the factors outlined by Wolf for a dispositional departure. Under K.S.A. 2015 Supp. 21-6815(c)(1)(B), one of the mitigating factors that may be considered in determining whether a substantial and compelling reason exists for a departure is if "the offender played a minor or passive role in the crime or participated under circumstances of duress or compulsion." Also, in *State v. Theurer*, 50 Kan. App. 2d 1203, 1225, 337 P.3d 725 (2014), poor health was considered a factor in conjunction with others. The *Theurer* court quoting the district court stated "'a defendant's poor health is related to a defendant's amenability to incarceration.'" 50 Kan. App. 2d at 1225. "[A] sentencing court can consider nonstatutory factors as long as the factors are consistent with the principles underlying the KSGA." *State v. Bird*, 298 Kan. 393, 398-399, 312 P.3d 1265 (2013). The Kansas Supreme Court "has recognized three legislative purposes of the KSGA: (1) to reduce prison overcrowding; (2) to protect public safety, and (3) to standardize sentences so similarly situated offenders are treated the same." 298 Kan. at 399. Here, Wolf argues her sentence conflicts with the purpose of reducing prison overcrowding.

While these reasons may be compelling factors in support of a dispositional departure sentence, the district court is not required to impose a departure sentence. K.S.A. 2015 Supp. 21-6818(a). The presence of a mitigating factor does not require a district court to depart from the presumptive sentence. *State v. Baptist*, 294 Kan. 728, 734-35, 280 P.3d 210 (2012). However, the court did grant a durational departure finding that Wolf's need for mental health and substance abuse treatment were reasons to grant a

5

durational departure. This decision was not arbitrary, fanciful, or unreasonable. See *Mosher*, 299 Kan. at 3. A reasonable person could agree with the district court's decision to deny Wolf's request for a dispositional departure. See *Pfannenstiel*, 302 Kan. at 760. Therefore, the district court did not abuse its discretion in denying Wolf's motion for a dispositional departure and we affirm its decision.

Affirmed.