NOT DESIGNATED FOR PUBLICATION

No. 113,626

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL JOHN FIGUEROA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed June 17, 2016. Affirmed.

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., LEBEN, J., and JOHNSON, S.J.

*Per Curiam*:  Michael J. Figueroa appeals his sentence following the district court's denial of his motion to depart. Finding no abuse of discretion, we affirm the district court's judgment.

On February 14, 2014, the State charged Figueroa with three counts of aggravated indecent liberties with a child and two counts of sexual exploitation of a child. On October 20, 2014, Figueroa pled guilty to one count of aggravated indecent liberties with a child, an off-grid felony. Pursuant to plea negotiations, the State dismissed all

remaining counts but recommended to the district court that Figueroa receive the presumptive life sentence without the possibility of parole for 25 years ("hard 25").

Prior to sentencing, Figueroa filed a motion seeking departure of his sentence to the sentencing grid. Figueroa asked the district court to consider that he: (1) felt sincere remorse for his actions; (2) took responsibility for his actions; (3) saved the victim and her family the ordeal of trial; (4) provided closure and certainty to the victim and her family; (5) spared the court and the State the expense of trial and any appeal of conviction; (6) had cognitive limitations; (7) acknowledged his problem; (8) was amenable to treatment; and (9) had no prior felonies.

The district court held a sentencing hearing on February 10, 2015. At the hearing, the district court reviewed Figueroa's mental health evaluation report from Dr. Bruce Nystrom. The report indicated that Figueroa's IQ score was 76 and that he presented a moderate to high risk of reoffending over the next 5 years. The victim's parents spoke at the hearing and opposed the departure motion. The State also opposed the departure motion. After hearing the arguments, the judge made lengthy comments from the bench addressing the asserted grounds for departure. The judge specifically noted Figueroa's assessment risk of reoffending and concluded his remarks by stating:

> "I think it goes without saying that the victim in California likely has long term effects from whatever Mr. Figueroa did to that child. I think it goes without saying, and the [victim's parents] have touched upon it, that their child has and will have long term ramifications from what Mr. Figueroa did to that child.
> "The fact that Mr. Figueroa also had pornography on his phone showing infants and toddlers seems to buttress and corroborate Dr. Nystrom's opinion that he's—he, Mr. Figueroa, is a moderate to high risk of reoffending over the next five years.
> "On that basis, I find no substantial or compelling reasons to justify a dispositional—I'm sorry, a durational departure to the grid. I will deny that motion."

The district court imposed a sentence of life imprisonment without the possibility of parole for 25 years. Figueroa timely appealed his sentence.

On appeal, Figueroa argues that the district court "abused its discretion by denying [his] motion to depart." The State responds that the district court did not abuse its discretion in denying the departure motion, as a reasonable person could agree with the court's ruling. An appellate court employs an abuse of discretion standard when reviewing a district court's decision on a departure motion. *State v. Floyd*, 296 Kan. 685, 687, 294 P.3d 318 (2013). A judicial action constitutes an abuse of discretion if the action:  (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

Figueroa was sentenced under the Jessica's Law statute, which mandates the hard 25 sentence "unless the judge finds substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2015 Supp. 21-6627(d)(1). The statute lists six nonexclusive mitigating factors for departure. K.S.A. 2015 Supp. 21-6627(d)(2). If the court *grants* the departure, it must "state on the record at the time of sentencing the substantial and compelling reasons for the departure." K.S.A. 2015 Supp. 21-6627(d)(1). The statute does not contain a similar requirement for the district court to state reasons for *denying* a departure.

Recently, our Supreme Court clarified the analysis a district court must employ in evaluating a defendant's motion for departure:

> "[T]he sentencing court first [reviews] the mitigating circumstances without any attempt to weigh them against any aggravating circumstances. Then, in considering the facts of the case, the court determines whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence."
> *State v. Jolly*, 301 Kan. 313, Syl. ¶ 5, 342 P.3d 935 (2015).

3

The term "substantial" is "'something that is real, not imagined; something with substance and not ephemeral.'" *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009). The term "'"compelling" implies that the court is forced, by the facts of a case, to leave the status quo or go beyond what is ordinary.'" 289 Kan. at 722. A district court has discretion to grant or deny a motion to depart; it is not obligated to depart simply because mitigating factors exist. *State v. Harsh*, 293 Kan. 585, 586, 265 P.3d 1161 (2011).

Figueroa's argument on appeal largely consists of relisting the mitigating factors he presented to the district court in his motion and at his sentencing hearing: (1) lack of criminal history; (2) young age; (3) admission of wrongdoing; (4) apology letters to the victim and her parents; (5) acknowledgement of a problem; (6) desire to get help; (7) lack of manipulation, dismissiveness, or denial; (8) low IQ score; (9) sparing the victim and her parents the ordeal of a trial; (10) sparing the court the time and resources of a trial; and (11) amenability to treatment. Figueroa cites only one case, *State v. Favela*, 259 Kan. 215, 911 P.2d 792 (1996), to support his argument that the district court erred in denying his departure motion. In *Favela*, the defendant was convicted of attempted second-degree murder. He was granted a downward durational and dispositional departure based in part on his age and his lack of criminal history. Our Supreme Court found that these mitigating factors constituted substantial and compelling reasons to justify the departure. 259 Kan. at 235-38.

The facts in *Favela* are clearly distinguishable from the facts in Figueroa's case. Unlike Figueroa, who was 33 years old at the time of his offense, the defendant in *Favela* was 17 years old but was adjudicated to stand trial as an adult. Also, unlike Figueroa, the defendant in *Favela* had no criminal history related to his current offense. Figueroa had a prior 2006 conviction from California, which was a sexually-based misdemeanor involving a child. *Fav3la* does not support Figueroa's claim that the district court erred in denying his departure motion.

4

Kansas appellate courts have repeatedly upheld denials of departure motions where lack of criminal history is a mitigating factor. See, *e.g.*, *State v. Mendoza*, 292 Kan. 933, 936, 258 P.3d 383 (2011) (no error in denying downward departure where defendant had no criminal history). Although Figueroa does not explain why any of the other mitigating factors he asserts compels this court to find that the district court erred in denying his departure motion, he contends that the mitigating factors in his case, "at least when considered together," are substantial and compelling. But we note that Kansas courts previously have addressed many of those factors in cases denying departure. See, *e.g.*, *Harsh*, 293 Kan. at 587-88 (no error in denying downward departure where defendant accepted responsibility for his actions, thus saving his victims from trauma of testifying in court); *State v. Plotner*, 290 Kan. 774, 780-81, 235 P.3d 417 (2010) (no error when district court denied departure motion where defendant took responsibility and showed deep remorse); *State v. Ortega-Cadelan*, 287 Kan. 157, 165-66, 194 P.3d 1195 (2008) (no error in denying departure where defendant lacked prior felonies, admitted guilt, and evaluation concluded defendant was good candidate for treatment).

Here, the district court considered the mitigating factors asserted by Figueroa and heard statements from the family members of the victim. The district court addressed Figueroa's evaluation report which indicated he was a moderate to high risk for sexual reoffending. The district court noted that Figueroa's criminal history included a 2006 conviction from California, which was a sexually-based misdemeanor involving a child. After thoroughly considering the circumstances of Figueroa's case, the district court concluded that there were no substantial or compelling reasons to justify a durational departure to the sentencing grid. Based on the record, the district court's decision to deny the departure motion was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Mosher*, 299 Kan. at 3. Thus, we conclude the district court did not abuse its discretion by denying Figueroa's motion for departure.

Affirmed.