NOT DESIGNATED FOR PUBLICATION

No. 125,133

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY RUSSELL FROBISH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; M. JENNIFER BRUNETTI, judge. Opinion filed October 11, 2024. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Timothy Russell Frobish appeals the district court's decision denying a departure sentence requiring him to serve an underlying controlling prison term of life without the possibility of parole for 25 years. This court granted Frobish's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). We now affirm the district court's ruling.

In February 2013, Frobish was arrested and charged with several crimes, including aggravated indecent liberties with a child and the alternative of attempted rape. Then, about two years later, in January 2015, a Cherokee County jury found Frobish guilty of two felony counts of aggravated indecent liberties with a child under 14 years of age, one felony count of reckless criminal threat, three counts of misdemeanor endangering a

1

child, one count of misdemeanor possession of a controlled substance, and two counts of misdemeanor possession of drug paraphernalia. The district court sentenced him to a hard 25 sentence to be served consecutively to his 9-month sentence for criminal threat, and the sentences in the other counts ran concurrent.

Later, Frobish moved for a new trial, alleging ineffective assistance of counsel in his aggravated indecent liberties convictions. The district court denied the motion, and Frobish appealed. Frobish later filed a supplemental brief, arguing his criminal threat conviction was unconstitutional.

On appeal, a panel of this court affirmed the denial of a new trial but agreed with Frobish that his conviction for reckless criminal threat was unconstitutional. The court reversed his criminal threat conviction and remanded the case for resentencing. *State v. Frobish*, No. 120,394, 2020 WL 6106468, at *6 (Kan. App. 2020) (unpublished opinion).

During the resentencing hearing, Frobish moved for a departure to a grid-based sentencing model. The district court denied the motion and imposed a controlling term of life without the possibility of parole for 25 years.

On appeal, Frobish contends that the district court abused its discretion by refusing to depart to the grid because he claims he demonstrated his successful completion of many prison programs and his dedication towards rehabilitation.

Jessica's Law aims to protect children by removing sexual offenders from society, reflecting the serious threat they pose. *State v. Woodard*, 294 Kan. 717, 722, 280 P.3d 203 (2012). The United States Supreme Court acknowledged in *McKune v. Lile*, 536 U.S. 24, 32-33, 122 S. Ct. 2017, 153 L. Ed. 2d 47 (2002), that sex offenders are more likely to commit violent crimes after release. Thus, our Supreme Court emphasized the State's

strong interest in using incarceration to safeguard youth from such individuals. *Woodard*, 294 Kan. at 722.

Frobish's sentences for aggravated indecent liberties with a child under K.S.A. 21-5506(b)(3) are off-grid Jessica's Law sentences and thus do not qualify as presumptive sentences. K.S.A. 21-6806(d) (providing that a felony aggravated indecent liberties with a child under age 14 is an off-grid crime); K.S.A. 21-6627(a)(1)(C) (providing that a felony aggravated indecent liberties with a child under age 14 is a term of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years unless the court determines that the defendant should be sentenced as specified in subsection [a][2]). K.S.A. 21-6627(a)(2) does not apply to Frobish because he is not an aggravated habitual sex offender, and his criminal history is not such that his sentencing range would exceed 300 months.

To obtain a departure, Frobish must present a substantial and compelling reason. Our Supreme Court has clarified the meaning of "substantial and compelling:" It refers to something genuine, not merely imagined; it has tangible substance rather than fleeting. Additionally, "compelling" suggests that the court is compelled to deviate from the status quo or exceed what is typically considered ordinary by the case's facts. *State v. Seward*, 289 Kan. 715, 722, 217 P.3d 443 (2009).

This court evaluates a district court's grant or denial of a departure sentence using an abuse of discretion standard established in *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). A judicial action is considered an abuse of discretion in any of the following circumstances: (1) if no reasonable person would agree with the district court's perspective; (2) if the decision is founded on a legal error; or (3) if it is based on a factual error, as noted in *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). Additionally, determining whether appellate jurisdiction exists is a question of law

3

subject to unlimited review. *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019).

In considering whether mitigating factors are substantial and compelling for a departure from a Jessica's Law sentence, the court must first evaluate them without weighing them against any aggravating circumstances. *Jolly*, 301 Kan. at 323-24. If the court finds that the mitigating factors justify a departure from the mandatory sentence, it must state those reasons on the record. 301 Kan. 313, Syl. ¶ 5. Additionally, under K.S.A. 21-6627(a)(1)(C), there are strict limitations on departure, including mandatory minimum prison terms of at least 25 years, with no eligibility for probation, suspension, or parole before serving the mandatory term. K.S.A. 21-6815 imposes restrictions on downward departures for "crimes of extreme sexual violence," which includes aggravated indecent liberties with a child. These crimes are defined as felonies involving sexual acts with children under 14 years old. K.S.A. 21-6815(c)(2)(F)(i)(c). There is a statutory limitation on sentences for "'[c]rimes of extreme sexual violence.'" Under K.S.A. 21-6818(a), sentencing judges cannot impose lighter sentences or probation for these crimes. Any durational departure must be no less than 50% of the sentence range for the offense.

Durational departure is outlined in K.S.A. 21-6627(d), stating that for a first-time conviction of certain offenses on or after July 1, 2006, judges must impose a mandatory minimum prison term unless substantial and compelling reasons for a departure are provided. Such reasons must be recorded at sentencing. Mitigating circumstances include no significant history of previous criminal activity, extreme mental or emotional disturbance during the crime, the victim being an accomplice, significant distress or domination by another person, impaired capacity to understand the criminality of actions, and the defendant's age when the offense occurred. K.S.A. 21-6627(d)(2)(A)-(F).

At the resentencing hearing, Frobish moved for departure to a grid-based sentence and argued the following mitigating circumstances: He was 23 years old when the crimes

4

occurred and his minimal criminal history, which included two nonperson felonies; a misdemeanor for lewd and lascivious conduct; and several misdemeanor traffic offenses. Additionally, during his allocution, Frobish asserted he had committed himself to rehabilitation, been a model prisoner, and completed numerous programs while incarcerated. The State noted that Frobish provided no evidence of having completed the multiple programs and that despite the nine and a half years that he had already served, he had not shown any remorse or accepted responsibility for the crimes for which he was convicted.

Jessica's Law does not mandate that a district court provide reasons for denying a motion for departure; it merely requires the court to articulate the substantial and compelling reasons for any granted departure on the record. See *State v. Harsh*, 293 Kan. 583, 587, 265 P.3d 1161 (2011) ("'Specificity by the district court judge when making his or her determination is not statutorily required' unless the court decides a departure is warranted."); *State v. Mendoza*, 292 Kan. 933, 936, 258 P.3d 383 (2011) (upholding the denial of departure when the district court did not explicitly consider mitigating factors on the record, as it was challenging to conclude that no reasonable person could adopt the court's perspective); *State v. Plotner*, 290 Kan. 774, 780-81, 235 P.3d 417 (2010) (noting that specificity from the district court in its determination is not statutorily required unless the court deems a departure warranted).

Even so, an appellate court will not reverse a sentencing court's denial of a departure under Jessica's Law unless it abused its discretion in holding there was no substantial and compelling reason to depart. *State v. Powell*, 308 Kan. 895, 902, 425 P.3d 309 (2018). Here, after listening to arguments made by Frobish's attorney, Frobish's allocution, reviewing the motion for downward durational departure, and listening to the State's arguments, the district court concluded that Frobish failed to present substantial and compelling mitigating circumstances. In denying the motion to depart, the district court explicitly stated that it was "simply not persuaded that substantial and compelling

5

circumstances or reasons exist to grant the requested departure which is substantial in nature." This was sufficient evaluation.

Given the circumstances of the case, Frobish did not meet the burden of proving that the district court's decision to deny the departure was unreasonable. The district court acted within its discretion by refusing to grant the departure requested by Frobish.

Affirmed.